## INSURANCE—LIMITATION OF ACTIONS.

[Hamilton (1st) Circuit Court, July 18, 1908.]

Giffen, Smith and Swing, JJ.

JAMES B. SWING, TR. v. CLINTON CRANE ET AL.

1. RULE AS PAYMENT OF ASSESSMENTS ON PREMIUM NOTES FOR MUTUAL FIRE INSURANCE DOES NOT BAR DEFENSE TO ASSESSMENT ON STANDARD FORM POLICY.

A decision in a suit for ouster of a mutual fire insurance company, imposing assessments upon policy holders giving premium notes, whether parties to the proceeding or not, does not bar any policy holder from questioning his liability for an assessment or from setting up any other defense; hence, no assessments can be levied against holders of standard form policies containing no written or printed regulations imposing no assessment requirements, especially since such company had never complied with R. S. 3634 (Gen. Code 9524) *et seq. Swing* v. *Rose*, 75 Ohio St. 355, distinguished.

Smith v. Crane.

2. STATUTE OF LIMITATIONS RUNNING AGAINST MUTUAL FIRE INSURANCE ASSESSMENT NOT BARRED BY APPROVAL OF SECOND ASSESSMENT.

The six years' statute of limitations runs against an assessment levied on a policy holder of a mutual fire insurance company, and the running of the statute is not barred by the approval by the Supreme Court of a second assessment against the same party, when it covers the same liability as the first assessment with probable costs of collection added.

[Syllabus approved by the court.]

ERROR to common pleas court.

*P. A. Reece,* for plaintiff in error.

*Stephens, Lincoln & Stephens,* for defendant in error.

SMITH, J.

From an examination of the evidence in the above case, together with the facts admitted by the pleadings, we are of the opinion that the judgment of the court below should be affirmed. The decree entered by the Supreme Court in the suit for ouster of the Union Mutual Fire Insurance Company of Cincinnati (*Swing* v. *Rose,* 75 Ohio St. 355 [79 N. E. Rep. 757]) would not exclude any stockholder or member from questioning his liability for an assessment or as to any other defense he might have. *Swing* v. *Humbird,* 94 Minn. 1 [101 N. W. Rep. 938].

It clearly appears that the defendants have no assessment notes; that their policies were of the standard form; that no special regulations were written or printed upon or attached in any way to said policies, and that when the policies were issued to them they never agreed to accept any assessment insurance. Besides, the company never reorganized under the statutes of Ohio relating to mutual fire insurance companies, as amended by act approved April 14, 1888, to take effect July 1, 1888. We think, therefore, that the plaintiff is not entitled to recover as against the defendants.

Second. In addition, we are further of the opinion, that if the plaintiff in error has a claim against defendants in error that this claim is now barred by the statute of limitations. The defendants held a short term policy and cash was paid therefor. The trustee's first report was made in 1891, and the assessment ordered the same year. In 1896 he filed a supplemental report setting out the liability of C. Crane & Company, and was

ordered to levy an assessment thereon. In 1897 he again filed a report showing that he had assessed Crane & Company on their two policies for $558.87, and this assessment was approved. Nothing, however, was done under this assessment as far as C. Crane & Company were concerned. On June 11, 1901, another assessment was approved by the Supreme Court against the policy holders, including C. Crane & Company, and from which it is evident that it is an assessment including probable costs of collection for the same liability assessed and approved in 1897. This being so, it would seem that the action on this last assessment is barred by reason of the lapse of six years from and after the making and approval of the prior assessment in 1897. The last assessment was not on account of a further liability arising out of the fact that the prior assessment was not sufficient in amount to cover the liabilities to which the defendants in error were bound to contribute, but rather it seems that the prior assessment was a claim against Crane & Company of their entire amount of liability. It was the duty, therefore, of the trustee to have at once asserted it, as the subsequent assessment could not revive the former one and stop the running of the statute. *Swing* v. *Cultivator Co.* 29 O. C. C. 365 (9 N. S. 45).

Judgment affirmed.

**Giffen** and **Swing, JJ.,** concur.